IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMANTHA LAPELLA, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| | Civil No. 10-2454 (JBS/JS) |
| v. | |
| CITY OF ATLANTIC CITY, et al., | |
| Defendants. | **OPINION** |

APPEARANCES:

Jeremy Esakoff
PASRICHA & PATEL LLC
1794 Oak Tree Road
Edison, NJ 08820
        Attorney for Plaintiff

Tracy L. Riley, Esq.
Michael E. Riley, Esq.
LAW OFFICES OF RILEY AND RILEY
100 High Street, Suite 302
Mount Holly, NJ 08060
        Attorneys for Defendants City of Atlantic City, Atlantic City
        Police Department, and Thomas Moynihan

Patrick J. Wolfe, Esq.
Sharlenn E. Pratt, Esq.
ZARWIN BAUM DEVITO KAPLAN SCHAER & TODDY, PC
1818 Market Street
Philadelphia, PA 19103
        Attorneys for Defendant John J. Mooney

**SIMANDLE**, District Judge:

**I.   INTRODUCTION**

        This matter comes before the Court on a motion for judgment on

the pleadings by Defendants City of Atlantic City ("Atlantic City"),

Atlantic City Policy Department ("Police Department"), John J.

Mooney, and Thomas Moynihan.  [Docket Item 63.]  Specifically, Defendants request judgment on the pleadings on Count VI of Plaintiff's Amended Complaint and the resultant dismissal with prejudice of Defendants John J. Mooney and Atlantic City Police Department pursuant to Federal Rule of Civil Procedure 12(c).[1]  For the reasons explained below, the Court shall grant the motion for judgment on the pleadings.  The principal issue presented is whether Count VI of the First Amended Complaint in this civil rights act case alleging excessive use of force in arrest, among other claims, states a cognizable claim for municipal liability under 42 U.S.C. § 1983. The Court will dismiss the Atlantic City Police Department with prejudice by the consent of both parties, but will dismiss Count VI and Defendant Mooney without prejudice to Plaintiff's opportunity to request leave to file a curative amendment to provide a plausible basis for her claims of municipal liability within fourteen (14) days of this opinion and order.

## II.  BACKGROUND

In May 2010, Plaintiff brought this action arising from an

---

[1] Plaintiff, in her Reply Brief, states that the present motion requests "an order denying Plaintiff's motion to compel discovery responses." (Pl.'s Brief in Opp'n to Defs.' Mot. for J. on the Pleadings 1.)  However, as Plaintiff herself admits the Defendants have not fashioned their application as an appeal of the Magistrate Judge Joel Schneider's order to compel, nor have they followed the procedures for such an appeal.  (Id.)  In analyzing the Defendants' submissions (including their sample order setting forth the requested relief), the Court can find no basis to conclude that Defendants request such an order, and therefore will not address that aspect of the present matter.

incident that occurred at the "mur.mur" nightclub in the Borgata Casino (owned and operated by non-moving defendant Marina Development District) on February 7, 2009. (Am. Compl. ¶¶ 16-18.) At this stage the Court is obligated to accept all of Plaintiff's allegations as true, and so will draw the facts of this dispute solely from Plaintiff's First Amended Complaint.

Plaintiff and her friends entered the mur.mur nightclub in the Course of a weekend trip to Atlantic City to celebrate a birthday. (Id. ¶¶ 16-18.) At some point during the evening, members of Plaintiff's party were asked by club staff to extinguish their cigarettes, which they immediately did. (Id. ¶ 22.) In the early morning hours of February 8, 2009, Borgata bouncers and Officer Thomas Moynihan entered the club. (Id. ¶ 23). The bouncers asked Plaintiff's party to leave the club. (Id. ¶ 24.) Without allowing Plaintiff time to leave the club, Officer Moynihan and an unidentified bouncer "roughly grabbed her by the arms and began carrying her toward an exit." (Id. ¶ 26.) Officer Moynihan then allegedly punched Plaintiff in the face and dragged her through an exit, where he and another officer allegedly knelt on Plaintiff with their full body weight, handcuffed her, lifted her from the floor by her arms, and repeatedly slammed her face into a wall while she was unable to brace herself. (Id. ¶¶ 27-31.) Plaintiff was then taken to the Atlantic City Police Station and detained in a cell for several hours. (Id. ¶ 32). Officer Moynihan signed complaints charging Plaintiff with

3

creating a disturbance, aggravated assault, and resisting arrest, though all charges were subsequently dismissed.  (Id. ¶ 34.)

Plaintiff brings suit against Officer Moynihan for use of excessive force, false imprisonment, and false arrest in violation of her constitutional rights.  (Id. Counts 1-3.)  Plaintiff further brings tort claims against Officer Moynihan for assault and battery, malicious prosecution, as well as a claim for civil conspiracy with the Borgata Casino.  (Id. Counts 7, 8, 13).  Plaintiff brings tort claims against Atlantic City and the Police Department for negligent training and supervision and negligent hiring practices.  (Id. Counts 4, 5.)  Plaintiff also files suit pursuant to 42 U.S.C. § 1983 against Atlantic City, the Police Department, and Police Chief Mooney for the civil rights violations inflicted upon her by Officer Moynihan, incorporating by reference the claims of negligent training and supervision and negligent hiring practices contained in Counts IV and V. [2]  (Id. ¶ 45.)

Specifically, in Count VI, which is captioned "Municipal Liability," Plaintiff alleges that Atlantic City's policies and procedures in place at the time of her arrest were unlawful and improper.  (Id. ¶ 66.)  Plaintiff also alleges negligent training and supervision (Count IV) and negligent hiring (Count V), which she believes are incorporated into Count VI by reference. (Pl.'s Br. in

---

[2] Plaintiff also brings claims against the Marina District Development Company, LLC (the Borgata) but as that defendant is not essential to the present motion those claims are not listed.

Opp'n to Defs.' Mot. for J. on the Pleadings 10.)  Finally, Plaintiff
alleges in Count XV that Chief Mooney is vicariously liable  for
permitting Officer Moynihan's conduct to continue after he had
knowledge of "the improper manner in which Defendant . . . was
discharging his duties." (Am. Compl. ¶111.)

On January 16, 2012 Defendants Atlantic City, Atlantic City
Police Department, Police Chief Mooney, and Officer Moynihan ("Moving
Defendants") filed the instant Motion for Judgment on the Pleadings.
See Fed. R. Civ. P. 12(c).  Specifically, Moving Defendants assert
that Count VI of Plaintiff's Amended Complaint is insufficiently plead
and should be dismissed, and that as a result all claims against
Defendant Mooney should also be dismissed.  (Defs.' Mot. for J. on
the Pleadings 4.)  Moving Defendants further assert that the Police
Department is not properly a party to this matter and should be
dismissed as well. (Id. 21.)


**III. DISCUSSION**

    **A. Rule 12(c) Standard**

Under Rule 12(c) of the Federal Rules of Civil Procedure,
"[a]fter the pleadings are closed but within such time as not to delay
the trial, any party may move for judgment on the pleadings."  While
a Rule 12(b) motion to dismiss a complaint must be filed before
responsive pleadings, a Rule 12(c) motion for judgment on the
pleadings may be filed after the pleadings are closed.  Turbe v. Gov't

of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

However, the differences between Rules 12(b)(6) and 12(c) are purely procedural, as the pleading standards of Rule 12(b)(6) are applied for both.  Id.  Thus, the Court must "accept all factual allegations as true" and construe the complaint "in the light most favorable to the plaintiff."  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)).

Prior to 2007, the federal courts utilized a standard of notice pleadings and would dismiss complaints for failure to state a claim only when "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957).  However, in 2007 the Supreme Court abandoned that standard in its decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  In Twombly, the Court explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than label and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

Twombly, 550 U.S. 555 (internal citations omitted).  A complaint need not provide detailed factual allegations, but it must contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face. Id. at 570.  The Supreme Court
elaborated on and clarified the Twombly standard in a subsequent
decision, Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Supreme
Court stated:

> To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to "state a
> claim to relief that is plausible on its face." [Twombly]
> at 570, 127 S.Ct. 1955.  A claim has facial plausibility
> when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant
> is liable for the misconduct alleged. Id., at 556, S.Ct.
> 1955.  The plausibility standard is not akin to a
> probability requirement," but it asks for more than a sheer
> possibility that a defendant has acted unlawfully. Ibid.
> Where a complaint pleads facts that are "merely consistent
> with" a defendants liability, it "stops short of the line
> between possibility and plausibility of 'entitlement to
> relief.'" Id., at 557, 127 S.Ct. 1955 (brackets omitted).
>
> Two working principles underlie our decision in Twombly.
> First, the tenet that a court must accept as true all of
> the allegations contained in a complaint is inapplicable
> to legal conclusions. Threadbare recitals of the elements
> of a cause of action, supported by mere conclusory
> statements, do not suffice. Id., at 555, 127 S.Ct. 1955.

Iqbal, 556 U.S. 662.

As such, when a Court is deciding a motion under Rule 12(c),
it must look closely at the complaint to determine whether it states
a facially plausible claim to relief, composed of factual content
and not merely conclusory allegations reflecting the cause of action.

### B. The Monell Standard under 42 U.S.C. § 1983

Plaintiff's municipal liability claims against Atlantic City,
the Police Department, and Police Chief Mooney all arise under 42
U.S.C. § 1983, which reads:

7

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory
> or the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable for redress . . .

42 U.S.C.A § 1983 (1996).  Municipal liability under § 1983 may not

be proven under a respondeat superior theory of liability but must

be founded on evidence that the government itself supported a

violation of constitutional rights.  Monell v. New York City Dep't

of Soc. Servs., 436 U.S. 658, 690 (1978).  Municipal liability exists

only where execution of the municipality's policy or custom, whether

made by lawmakers or decisionmakers whose edicts may fairly represent

official policy, inflict the injury.  Id., at 694.

> Not all state action rises to the level of a custom or
> policy.  A policy is made "when a decisionmaker
> possess[ing] final authority to establish municipal policy
> with respect to the action issues a final proclamation,
> policy or edict."  Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d
> Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S.
> 469, 481 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality
> opinion)).  A custom is an act "that has not been formally
> approved by an appropriate decisionmaker," but that is "so
> widespread as to have the force of law."  Bd. of County
> Comm'rs of Bryan County, Okla. V. Brown, 520 U.S. 397, 404,
> 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

Natale v. Camden Cnty. Correctional Facility, 318 F.3d 575, 584 (3d

Cir. 2003).  Once a policy or custom has been shown to exist, it must

then be shown that the allegedly unconstitutional conduct causally

results from that policy or custom.

> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." Bryan County, 520 U.S. at 417, 117 S.Ct. 1382 (Souter, J., dissenting). The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Id. Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'" Id. at 417-418, 117 S.Ct. 1382 (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) . . .

Natale, 318 F.3d at 584. Thus, for a plaintiff to sufficiently allege municipal liability under § 1983, they must present facts to support a finding that a specific policy or custom caused the alleged harm.

### C. Dismissal of the Atlantic City Police Department

As a preliminary matter, the Moving Defendants request that Plaintiff's complaint as to the Atlantic City Police Department be dismissed with prejudice. (Defs.' Mot. for J. on the Pleadings 22). Municipal departments are not separate legal entities from the municipality they serve, and therefore cannot be named parties in conjunction with the municipality. See N.J. Stat. Ann §40A:14-118. See, e.g., Adams v. City of Camden, 461 F.Supp. 2d 263, 266 (D.N.J. 2006); Caldwell v. Atlantic Cnty. Animal Shelter, Civ. No. 08-4101, 2009 WL 1173645 at *2 (D.N.J. 2009); Open Inns, Ltd. v. Chester County

9

<u>Sheriff's Dep't</u>, 24 F.Supp. 2d 410, 416 n. 13 (E.D. Pa. 1998).
Plaintiff consents to the voluntary dismissal of the Police Department
as a defendant in this matter. (Pl.'s Opp'n to Defs.' Mot. for J.
on the Pleadings 1.)  Consequently, the Court will dismiss the Police
Department with prejudice.

### D. Judgment on the Pleadings for Count VI

The parties dispute whether, in analyzing the sufficiency of
Count VI's claims of municipal liability, Counts IV and V should be
incorporated by reference.   The Moving Defendants contend that Counts
IV and V are state law claims that, in light of prior precedent and
concepts of fairness, should not be considered in analyzing Count
VI.  Plaintiff, conversely, contends that Counts IV and V are properly
incorporated and that the use of incorporation from prior counts
allowed for efficient pleadings that still gave sufficient notice.[3]
Plaintiff argues, and the Court agrees, that the allegations of Counts
IV and V are reasonably interpreted as being incorporated into her

---

[3] The Court notes Plaintiff's argument that such incorporation is
required under Fed. R. Civ. P. 8's requirement of a "short, plain
statement of claims." By incorporating all preceding allegations
into each count, Plaintiff engages in shotgun pleadings that obfuscate
her claims and defy the mandate of Rule 8, denying Defendants of the
fullest extent of notice to which they are entitled. <u>See e.g.</u>,
<u>Anderson v. District Bd. of Trustees of Cent. Florida Community</u>
<u>College</u>, 77 F.3d 364 (11th Cir. 1996); <u>Davis v. Coca-Cola Bottling</u>
<u>Co. Consol.</u>, 516 F.3d 955 (11th Cir. 2008)(denying attorneys fees
due to shotgun pleadings); <u>Sikes v. Teleline, Inc.</u>, 281 F.3d 1350,
1356 n.9 (11th Cir. 2002).  In the future, Plaintiff is advised to
explicitly incorporate relevant counts rather than incorporating all
prior counts, so as to more clearly elucidate what components of her
claim are incorporated into each charge.

theory of municipal liability in Count VI.  Were Counts IV and V completely unrelated to the subject matter of Count VI, it would be unreasonable to assume that a broad incorporation by reference of all preceding allegations would be sufficient.  However, Monell liability for failure to train and for hiring decisions is a common avenue under municipal liability theories, and the Court finds the link to be sufficiently obvious despite the confusing nature of Plaintiff's Amended Complaint.

### 1. Count VI Standing Alone

When a Plaintiff brings a complaint under Monell against a municipality, the offending custom, policy, or practice must be plead specifically in the complaint.  See McTernan v. City of York, 564 F.3d 636 (3d Cir. 2009); Muller v. Bristol Twp., No. 09-1086, 2009 WL 3028949 (E.D. Pa. Sept. 17, 2009).  "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy and specify what exactly that custom or policy was."  McTernan, 564 F.3d at 658 (citing Philips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)).  Factual allegations must give notice not only "as to the alleged wrongdoing of the individual police officers," but also "as to the alleged policy and custom of the municipality at issue."  Muller, 2009 WL 3028949 at 4.

Count VI of Plaintiff's Amended Complaint, standing alone, does not give notice as to the alleged policy or custom of the municipality at issue.  The relevant components of Count VI follow:

11

65. As chief of police, Defendant Mooney was responsible for establishing, implementing and enforcing departmental policies and procedures on behalf of Defendant Atlantic City, including those procedures and policies in effect at the time Plaintiff was attacked and falsely arrested by Defendant Moynihan.

66. Atlantic City's policies and procedures that were in place at the time of the Plaintiff's arrest were unlawful and improper as they permitted the conduct visited upon the plaintiff.

67. Plaintiff was injured at the hands of Defendant Moynihan as a consequence of Defendant Mooney and Defendant Atlantic City's (a) establishing improper policies, (b) implementing improper policies, and/or (c) failing to enforce proper policies with respect to the conduct of its police officers.

(Am. Compl. 10.)  The language of Count VI is insufficient to provide notice of what policy or custom is in question.  All that can be gleaned from the language used is that (1) the policy or procedure in question is one that was in effect when Plaintiff was arrested, (2) the policy or procedure is allegedly illegal because it permitted the allegedly unconstitutional conduct to occur, and (3) that Plaintiff's injury was a result of these policies.

This Count gives no notice regarding what specific policy or procedure is alleged to be improper or illegal.  Such allegations of a "policy of ignoring . . . right[s]" are insufficient to allege a Monell claim.  McTernan, 564 F.3d at 657.  Nor does it demonstrate that Officer Moynihan's conduct was in any way resultant from those policies and procedures then in place, beyond the conclusory assumption that the incident that allegedly occurred could only happen

12

if illegal policies and procedures were in place.  Plaintiff, in short, fails to provide sufficient factual allegations in Count VI to give Defendants notice and to allow the Court to find her claim to relief plausible on its face.

## 2. Count VI Incorporating Counts IV and V

Incorporating the rest of Plaintiff's Amended Complaint does little more to remedy the pleading infirmities of Count VI. Defendants argue in their motion that Count IV alleges a state law claim against Atlantic City for negligent training and supervision and that Count V alleges a state law claim for negligent hiring.  (Defs.' Mot. for J. on the Pleadings, 17-18.)  Even so, Defendants argue that if Counts IV and V are accepted as Monell claims they are nonetheless insufficiently pled and thus subject to dismissal. (Id.)  The Court agrees, and finds that the incorporation of Counts IV and V is insufficient to remedy Count VI's infirm pleadings, as now discussed.

## a. Count IV[4]

To bring a claim of failure to train under § 1983, a Plaintiff must (1) identify the deficiency in training; (2) prove that the deficiency caused the alleged constitutional violation; and (3) prove that the failure to remedy the deficiency constituted deliberate indifference on the part of the municipality.  Malignaggi v. County

---

[4] This analysis does not address or affect the merits of Plaintiff's state law claim of negligent training and supervision.  As explained infra, Count IV is regarded only as a claim arising at state law under the New Jersey Tort Claims Act, which has not been attacked in the present motion.

13

of Gloucester, 855 F.Supp. 74, 77 (D.N.J. 1994)(citing City of Canton

v. Harris, 489 U.S. 378, 391 (1989)).   To prove the training deficiency

caused the alleged constitutional violation, a close causal link must

be shown.

> This requires first that a specific deficiency rather than
> general laxness or ineffectiveness of training be shown.
> It then requires that the deficiency or deficiencies be
> such, given the manifest exigencies of police work, as to
> make occurrence of the specific violation a reasonable
> probability rather than a mere possibility. That is, the
> specific violation must be "almost bound to happen sooner
> or later" rather than merely "likely to happen in the long
> run."

Spell v. McDaniel, 824 F.2d 1380, 1390 (4th Cir. 1987)(internal

citations omitted); see also City of Canton, Ohio v. Harris, 489 U.S.

378, 390-93 (1989) (allowing municipal liability for deficient

training only where the specific deficiency is identified, deliberate

indifference on the part of policymakers is found, and causation

between the deficiency and the injury suffered is shown); Colburn

v. Upper Darby Tp., 838 F.2d 663 (3d Cir. 1988)(overruled in part

on other grounds by Leatherman v. Tarrant County Narcotics

Intelligence & Coordination Unit, 507 U.S. 163, 168

(1993))(implicitly endorsing failure to train liability); Popow v.

City of Margate, 476 F.Supp. 1237, 1246 (D.N.J. 1979).   To satisfy

Monell's requirement that a particular policy be the moving force

behind a constitutional violation, there must be an affirmative link

between the training inadequacies alleged and the constitutional

violation at issue.   See Oklahoma City v. Tuttle, 471 U.S. 808, 824-25

14

n. 8 (1985).

To demonstrate deliberate indifference, a Plaintiff must present evidence of indifference on the part of a particular policymaker. Simmons v. City of Philadelphia, 947 F.2d 1042, 1060-61 (3d Cir. 1991).

> [A] municipality's deliberately indifferent failure to train is not established by (1) presenting evidence of the shortcomings of an individual; (2) proving that an otherwise sound training program occasionally was negligently administered; or (3) showing, without more, that better training would have enabled an officer to avoid the injury-causing conduct.

Id. at 1060. Generally, deliberate indifference can be shown only by demonstrating "[a] pattern of similar constitutional violations by untrained employees," though a single incident can suffice in the rare case where the unconstitutional consequence of the failure to train is patently obvious. Connick v. Thompson, 131 S.Ct. 1350, 1360 (2011) (quoting Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 409 (1997)).

Here, the Court finds Count IV is not sufficiently pled as a failure to train claim under § 1983. The relevant portions of Count IV read in part:

> 53. Defendant Atlantic City had a duty to train and supervise its agents and employees for the benefit of the residents of, and visitors to, Atlantic City.

> 54. On information and belief, Defendant Atlantic City had knowledge that Defendant Moynihan has a history of mistreating civilians and failed to implement effective measures to prevent his unlawful conduct.

> 55. On information and belief, Defendant Atlantic City,

15

as a matter of policy and practice, failed to properly train
and supervise its officers to abide by the law and to respect
the rights of the people they encounter, including
Plaintiff, and thereby encouraged Defendant Moynihan in
this case to engage in the unlawful and actionable conduct
described above.

56. That negligence on the part of Atlantic City caused
Plaintiff to suffer injuries at the hands of its untrained,
uncontrolled and unsupervised agents and employees.

(Am. Compl. 9). Plaintiff's complaint fails to allege any

specific shortcoming in Atlantic City's training programs; at

best it contains a conclusory allegation that the city "failed

to properly train and supervise its officers to abide by the

law and to respect the rights of the people they encounter."

Plaintiff contends the Count is sufficient because it

"identifies Atlantic City's custom of responding with

indifference to its officers' routine disregard for the rights

of civilians, including their use of unnecessary force, false

arrest, and false imprisonment," noting that the language of

paragraph 55 incorporates the factual claims of paragraphs 27-31

and 42.  (Pl.'s Br. in Opp'n to Defs.' Mot. for J. on the

Pleadings 7.)  While alleging a custom requires a showing of

indifference to a known illegal activity, it is insufficient

to allege a custom of indifference. Indifference is not a custom,

and merely alleging a "custom of indifference" is no less

conclusory than alleging a "custom" itself.

Plaintiff further fails to plausibly allege how the

16

deficiency caused her injury, merely alleging that the insufficient training "encouraged Defendant Moynihan in this case to engage in the unlawful and actionable conduct described above." This allegation provides no factual support to establish the plausibility of a causal link between the allegedly insufficient training and the harm that befell Plaintiff.

Finally, Plaintiff must sufficiently allege deliberate indifference on the part of the decisionmaker. Here, Plaintiff alleges that Atlantic City knew of Officer Moynihan's alleged "history of mistreating civilians." However, Plaintiff fails to demonstrate that the resulting outcome is a result of municipal policy and not an officer's individual shortcomings. Furthermore, Plaintiff fails to allege sufficient facts to demonstrate that Officer Moynihan's alleged conduct was "almost bound to happen sooner or later" and that the Police Department deliberately ignored that risk. Spell, 824 F.2d at 1390. In fact, Plaintiff fails to allege any factual basis to support the conclusion Officer Moynihan had a history of mistreating civilians. While Plaintiff may be able to show negligence on the alleged facts, Count IV is not sufficiently pled as to support municipal liability under § 1983, as it does not plead sufficient facts to support the otherwise conclusory allegation that the city acted with deliberate indifference.

17

### b. Count V[5]

To bring a claim of deliberate indifference in hiring under §
1983, a plaintiff must be able to plausibly allege that "this officer
was highly likely to inflict the particular injury suffered by the
plaintiff" and that the decisionmaker was deliberately indifferent
to that likelihood in hiring the offending party.  Bd. Of Cnty.
Comm'rs, 520 U.S. at 411.  Plaintiff, however, again fails to allege
sufficient non-conclusory facts to support this claim. Plaintiff's
pleadings in Count V read:

> 59. Defendant Atlantic City had a duty to determine
> the character and moral fitness of all applicants for the
> position of police officer before hiring them.
>
> 60. Defendants Atlantic City had a duty to discharge
> those officers who demonstrate an inability or
> unwillingness to abide by the law and/or an inability to
> treat people with the respect and rights to which they are
> entitled by virtue of the applicable laws and
> constitutions.
>
> 61. On information and belief, Defendant Moynihan has
> been involved in other incidents that indicate a disregard
> for the rights of the residents and guests of Atlantic City.
>
> 62. The defendants failed to discharge their
> respective duties by hiring Defendant Moynihan and then
> by failing to terminate his employment.

(Am. Compl. 10.)  Plaintiff's allegation that Defendant Moynihan has
been involved in incidents that indicate a disregard for the rights

---

[5] This analysis does not address or affect the merits of Plaintiff's
state law claim of negligent hiring.  As explained herein, Count V
is regarded as stating only a state law claim arising under the New
Jersey Tort Claims Act which is not attacked in the present motion.

of others is not sufficient to demonstrate either that (1) Officer Moynihan had committed constitutional rights violations in the past or (2) that when Officer Moynihan was hired (and in the inverse continuously employed) Atlantic City knew or should have known that Officer Moynihan was highly likely to violate the constitutional rights of civilians through excessive use of force and false arrest. Nor does Plaintiff allege deliberate indifference on the part of Atlantic City. Within Count V, Plaintiff makes no allegation that Atlantic City knew Officer Moynihan was likely to cause harm similar to that herein.

Even incorporating Count IV, the fact Atlantic City had knowledge of a prior history of mistreating civilians (a conclusory restatement of the requirements of the cause of action) is not alone sufficient to prove deliberate indifference. Plaintiff provides no factual allegations that make it plausible that Officer Moynihan should have been discharged, that Atlantic City knew this, and that Atlantic City disregarded this with deliberate indifference.  As such, the Court finds Count V is also insufficiently pled and cannot support a claim for municipal liability under § 1983.[6]

As Plaintiff fails to provide sufficient factual allegations

---

[6] Further, Plaintiff has had ample opportunity to gather facts since February, 2009, and in discovery in this case, to set forth the required plausible factual basis for any municipal liability claim premised on failure to train or supervise Officer Moynihan as part of a municipal custom or policy.  It is reasonable to expect that such allegations be plead within 14 days or that such a claim be lost.

that, if accepted as true, would create a plausible claim to relief under § 1983, the Court will grant judgment on the pleadings to the Moving Defendants on Count VI.

### E. Dismissal of Defendant Mooney

Defendants also move for the dismissal of Police Chief Mooney from this case. Police Chief Mooney is only named in Counts VI and XV of the Amended Complaint.  Count VI, which has been previously discussed, is dismissed for failure to state a claim. Thus, only Count XV remains against Police Chief Mooney.  Defendants believe Count XV, entitled "vicarious liability," must be a state law claim under the New Jersey Tort Claims Act (NJTCA) as there is no vicarious liability available under § 1983.[7]  (Defs.' Mot. for J. on the Pleadings 20.)

Plaintiff, in turn, counters that Plaintiff does not allege Police Chief Mooney is liable as a supervisor, but rather as the Chief of Police responsible for establishing the policies that caused the injury to Plaintiff under Monell.  (Pl.'s Opp'n to Defs.' Mot. for J. on the Pleadings 16.)  Plaintiff's reply brief does not address any NJTCA claims Count XV may contain, nor why Count XV is entitled "vicarious liability" if it is indeed being pled as a Monell claim under § 1983 in which vicarious liability is disallowed.[8]  As it is

---

[7] For support of this proposition see, e.g., Iqbal, 556 U.S. at 676 (recognizing that vicarious liability is inapplicable to § 1983 suits); Monell, 436 U.S. at 692 (denying the theory of respondeat superior in § 1983 actions).
[8] In Monell, the Supreme Court examined the text and legislative history of § 1983 and concluded that Congress intended the statute

ambiguous what law forms the basis of Count XV in the Amended
Pleadings, and as Plaintiff attests in her opposition brief that Count
XV is pled under a theory of municipal liability and not a state law
respondeat superior claim, the Court will accept it as such.

Incorporating Count XV into the prior analysis of Plaintiff's
§ 1983 claim does not change its conclusory nature.  Count XV reads
in part:

> 111. On information and belief, Defendant Mooney had
> actual knowledge of the improper manner in which Defendant
> Moynihan was discharging his duties as an Atlantic City
> police officer.
>
> 112. Defendant Mooney acquiesced in Defendant
> Moynihan's unlawful activities by permitting the conduct
> to continue.
>
> 113. As a consequence of Defendant Mooney's
> acquiescence, Plaintiff was injured.

This Count echoes Counts IV-VI, except as applied to Police Chief
Mooney.  "A supervisor may be personally liable . . . if he or she
participated in violating the plaintiff's rights, directed others
to violate them, or, as the person in charge, had knowledge of and
acquiesced in his subordinates' violations." A.M. ex rel J.M.K. v.
Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).
The elements of the cause of action alleged are two-fold, that the

---

to impose liability on "a government that, under color of some official
policy, 'causes' an employee to violate another's constitutional
rights." Monell, 436 U.S. at 692.  The Court found that the statute
was not intended to provide vicarious liability against government
employers for the actions of employees, and recognized that such
vicarious liability would be constitutionally problematic. Id. at
693.

supervisor have knowledge of the subordinates' violations and that the supervisor acquiesce in the subordinates' violations.  Plaintiff alleges just that, that Police Chief Mooney had knowledge of and acquiesced in Officer Moynihan's conduct.

However, while Plaintiff alleges the elements of the cause of action, she provides no factual allegations to support a plausible basis for relief.  Rather, Plaintiff recites the elements of the cause of action in legal boilerplate.  This is insufficient under Rule 8 and this Count must be dismissed.[9]

### F. Plaintiff's Request to Amend

Plaintiff requests that, if the Court is inclined to dismiss any part of the Amended Complaint, she be afforded an opportunity to amend the complaint to comply with the applicable pleading requirements.  (Pl.'s Opp'n to Defs.' Mot. for J. on the Pleadings, 17.)  It is the policy of the Third Circuit, when a complaint is vulnerable to Rule 12(b)(6) dismissal, to permit curative amendment unless such amendment would be inequitable or futile.  See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2002)(citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)).

Plaintiff filed her original complaint on May 13, 2010.  [Docket Item 1.]  In its September 15, 2010 Scheduling Order the Court set

---

[9] To the extent Defendant Mooney is sued in his official capacity, the suit is in all respects other than name a suit against the entity of which he is an agent.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985); Monell, 436 U.S. at 690, n. 55.

February 1, 2011 as the deadline for amending pleadings.  [Docket Item 19.]  Plaintiff did not request to amend her complaint until her July 6, 2011 cross-motion, which was granted by the Court [Docket Item 40.]  By the time Plaintiff filed her Amended Complaint, August 23, 2011, discovery in this case had been ongoing for some time.

The procedural situation is complicated by the fact that rather than challenging the pleadings at the outset Defendants waited until well into discovery to file the present motion for judgment on the pleadings.  Defendants' delay pushes the limits of the requirement that motions for judgment on the pleadings are made "early enough not to delay trial".  Fed. R. Civ. P. 12(c).  Allowing Plaintiff to amend the Complaint could result in additional discovery, and could further delay the prompt resolution of this matter.

At this late stage in the pre-trial development of this case, the Court is disinclined to allow Plaintiff unlimited freedom to amend her complaint.  However, the Court is cognizant of the fact the lateness of this motion is a result of Defendants' strategic decision to file a delayed motion under Rule 12(c) and not Rule 12(b)(6).  Furthermore, the late stage at which this matter has arisen makes the Court especially wary of dismissing infirm pleadings that might not be beyond remedy.

The Court will therefore allow Plaintiff to separately file a succinct motion for leave to file an amended complaint, with a copy of the proposed amended complaint attached pursuant to Local Rule

23

7.1(f).  To limit the prejudice to Defendants, Plaintiff's amended complaint is to address only those pleading infirmities at issue in the present motion and is not to materially change any of Plaintiff's causes of action, nor may Plaintiff attempt to add new parties in this two-year-old suit.  Rather, Plaintiff's amendments are to focus on adding additional factual allegations to the complaint to render it compliant with the pleading standards set forth by Twombly and Iqbal. See, e.g., Downey v. Coalition Against Rape and Abuse, Inc., 143 F.Supp. 2d 423 (D.N.J. 2001).  The Court shall grant Plaintiff fourteen (14) days from the entry of the accompanying order in which to file the motion for leave to file an amended complaint.  If the motion is not received in that time, the Court will consider the dismissal of Count VI and the dismissal of Defendant Mooney to be with prejudice.


### IV.  CONCLUSION

For the reasons discussed above, the Court will partially grant Defendants' motion for judgment on the pleadings.  By the consent of both parties, the Court will dismiss with prejudice all claims against the Atlantic City Police Department.  The Court will dismiss Count VI of Plaintiff's Amended Complaint, and thus Plaintiff's theory of municipal liability under 42 U.S.C. § 1983, without prejudice. The Court will further dismiss Police Chief Mooney from this complaint without prejudice, as the only claim against him is the municipal

24

liability claim embodied in Count VI.  Plaintiff may file a motion for leave to amend the Complaint to cure the defects within fourteen (14) days consistent with this opinion.  To protect against undue prejudice to the Defendants, Plaintiff may only amend her complaint with respect to the deficiencies addressed by the present motion.  If Plaintiff fails to timely file a motion for leave to amend, then the dismissal of Count VI and Defendant Mooney will be with prejudice.  The accompanying Order is entered.

 

 

 

 

 

   __**July 18, 2012**__                 **s/ Jerome B. Simandle**

Date                                   JEROME B. SIMANDLE

                                      Chief U.S. District Judge